IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE PETITION | § § | |
| OF NORBERTO GUILLEN FOR THE | § § | 3:11-MC-0108-M-BK |
| PERPETUATION OF TESTIMONY | § | |

### FINDINGS, CONCLUSIONS, and RECOMMENDATION

Pursuant to the District Court's ORDER dated October 3, 2011, the *Petition to Perpetuate Testimony* (Doc. 1) filed by Norberto Guillen has been referred to the undersigned for report and recommendation to the district judge. A hearing was held on November 14, 2011. For the reasons stated on the record and in this report, the undersigned recommends that the Petition be **DENIED**.

Rule 27 of the Federal Rules of Civil Procedure provides that "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides." FED. R. CIV. P. 27(a)(1). The petition must be titled in the petitioner's name and show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

*Id*. Petitioner must also demonstrate an immediate need to perpetuate evidence; general allegations that evidence may be lost are not sufficient. *Penn Mutual Life Insurance Co. v. United States*, 68 F.3d 1371. 1375 (D.C. Cir. 1995). *See also* FED. R. CIV. P. 27(a)(3) (the court must be "satisfied that perpetuating the testimony may prevent a failure or delay of justice").

Petitioner averred that he expects to be the Plaintiff in a federal civil rights lawsuit related to the taking of his property through an eminent domain action, and that the perpetuation of testimony is needed because the three potential deponents are of advanced age. Doc. 1 at 1-3. At the November 14, 2011 hearing, Petitioner's counsel also related that one of the deponents requested that he testify as soon as possible due to his advanced age.

In response, the City of Sachse, Texas (a potential adverse party), argued that the petition fails to establish: (1) why Petitioner cannot presently file his suit; (2) the expected substance of the deponents' testimony; (3) an immediate need for the depositions; and (4) how the perpetuation of testimony will prevent a failure or delay of justice. (Doc. 6 at 5). The City of Sachse also revealed the existence of on-going state proceedings involving the same parties, where discovery is currently being conducted involving the eminent domain proceeding and the compensation received by Petitioner for his property. *Id*. at 4-5.

The Court finds that Petitioner failed to show that his case cannot presently be brought and that there is an immediate need to perpetuate the testimony of the specified witnesses. At the hearing, Petitioner offered no explanation as to why his lawsuit could not presently be brought. He also lacked an explanation for why he could not depose the witnesses in the current state court proceeding. Therefore, the Court recommends that the petition be **DENIED**. *See Shore v. Acands, Inc.*, 644 F.2d 386, 388-90 (5th Cir. 1981) (holding that a petition should be denied if the petitioner fails to show the court why he cannot presently bring the case); *In re Eisenberg*,

654 F.2d 1107, 1111 (5th Cir.1981) ("Under Rule 27, the district judge may deny discovery in anticipation of litigation if the petition fails to show. . . that without the perpetuation of the testimony a failure or delay of justice will occur.").

SIGNED on November 14, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE